United States District Court
for the
Southern District of Florida

| Farouk Morales, Plaintiff, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | |
| | ) | |
| INISER Instituto Nicaraguense de Seguros y Reaseguros, Gobierno de la Republica de Nicaragua, Transatlantic Reinsurance Company, Defendants. | ) ) | Civil Action No. 18-cv-23396-Civ-Scola |

## Order Dismissing Case Without Prejudice

This matter is before the Court on an independent review of the record. On August 21, 2018, the Plaintiff filed this suit, asserting three claims under Florida law. (ECF No. 1.) The Complaint asserts subject matter jurisdiction under 28 U.S.C. §§ 1331, 1361. (ECF No. 1 at 2.) Federal question jurisdiction under section 1331 exists over "all civil actions arising under the Constitution, laws, or treaties of the United States." Section 1361 creates original jurisdiction in federal courts over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

The Court is obligated to conduct a preliminary examination of the record to determine if jurisdiction exists. *Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003). "Federal courts are courts of limited jurisdiction" and "plaintiff['s] bear[] the burden of establishing subject matter jurisdiction." *Ishler v. I.R.S.*, 237 F. App'x 394, 395 (11th Cir. 2007).

No officer, employee or agency of the United States is a defendant to this action, and the Complaint does not seek mandamus. Rather, the Plaintiff is asserting three claims under Florida law. (ECF No. 1 at 6-10.) The Complaint therefore does not invoke the Court's jurisdiction under section 1331 or 1361.

Thus, on September 10, 2018, the Court found that the Plaintiff had not met his jurisdictional burden of and required him to adequately assert federal jurisdiction filing an amended complaint by September 17, 2018, which deadline was later extended to October 2, 2018. (ECF Nos. 8, 11.) The Court warned that failing to file an amended complaint by that date would result in the dismissal of this case without prejudice. (ECF No. 8.) The Plaintiff did not file an amended complaint by October 2, 2018, or otherwise seek an enlargement of the deadline to do so.

Therefore, the Court **dismisses** this case **without prejudice** for lack of subject matter jurisdiction. Should the Plaintiff wish to assert a new jurisdictional theory, he must do so by filing a new case.

The Clerk is directed to **close** this case. All pending motions, if any, are **denied as moot**.

**Done and ordered**, at Miami, Florida, on October 3, 2018.

_____
Robert N. Scola, Jr.
United States District Judge